IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| TAMBRA HOLT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ] ] ] ] |
| Plaintiff, | ] ] |
| vs. | ] Case No: 4:18-cv-00034 ] |
| ALPHA AND OMEGA SERVICES, INC., and FRANK KELLER | ] ] ] |
| Defendants. | ] |

## COLLECTIVE ACTION COMPLAINT

Come now the Plaintiff, Tambra Holt, individually and on behalf of all others similarly situated, and for cause of action state as follows:

## NATURE OF SUIT

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA").

2. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

3. Defendants violated the FLSA by failing to pay the Plaintiff and those similarly situated one and one-half times their regular rates of pay for all hours worked within a workweek in excess of forty hours.

4. Plaintiff seeks payment for unpaid overtime and liquidated damages on behalf of herself and all those similarly situated.

## JURISDICTION and VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff, Tambra Holt, is a former employee of Alpha and Omega Services, Inc., and Frank Keller ("Defendants").

8. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1). Her written consent is attached as Collective Exhibit A.

9. Defendant, Alpha and Omega Services, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

10. Defendant, Frank Keller, is the owner, CEO and chief training officer of Defendant Alpha and Omega Services, Inc. who exercises control over the hours worked, manner in which work is performed, and compensation paid to Plaintiff and others similarly situated.

11. Defendant, Frank Keller, as owner, CEO, and chief training officer acts directly and/or indirectly in the interest of and on behalf of Defendant Alpha and Omega Services, Inc. with regard to Plaintiff and others similarly situated.

12. Defendant, Frank Keller, is responsible in whole or in part for the violations of the FLSA discussed herein.

13. Defendant, Frank Keller, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

14. Defendants have provided crowd management via mounted security patrols at various venues and events in a number of different states over the past three years including but not limited to: Tennessee, California, Texas, and Michigan.

15. Defendants comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

16. According to Defendants' website, Alpha and Omega Services, Inc. offers:

> …[P]ublic safety at mass gatherings including music festivals, business improvement districts, shopping centers, amphitheaters, sports venues and other event facilities…[t]hroughout North America.

17. Defendants have done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

18. Defendants engaged in interstate commerce, the production of goods for interstate commerce, or had employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

19. Plaintiff and those similarly situated were engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employ with Defendant.

3

20. The violations of the Fair Labor Standards Act complained of herein occurred within two years of the filing of this complaint.

## FACTUAL ALLEGATIONS

21. Plaintiff Tambra Holt was employed by Defendants from approximately June 2015 until June 2017.

22. Plaintiff Holt was given the job title of a "trooper."

23. The job duties of Plaintiff and those similarly situated consisted of providing horse mounted safety/security patrol for large outdoor events including Bonnaroo and other festivals across the country, assisting and interacting with attendees to maintain safety, enforce event rules and report potential hazards or incidents to event staff.

24. Plaintiff Holt worked as troopers at Bonnaroo in Manchester, Tennessee during her tenure with Defendants.

25. Defendant, Frank Keller, oversaw the operations and conducted training for troopers at Bonnaroo for Defendant, Alpha and Omega Services, Inc.

26. Defendant, Frank Keller, regularly oversaw the operations and conducted training for troopers at other events across the country for Defendant, Alpha and Omega Services, Inc.

27. Plaintiff and those similarly situated performed job duties integral to the Defendants' business of providing public safety and information at mass gatherings.

28. Plaintiff and those similarly situated performed work specifically directed to them by the Defendants and in the manner Defendants directed them to do so.

29. While on duty, Plaintiff and those similarly situated were required to wear helmets and shirts provided by Defendants, which identify them as members of the team of persons providing the Defendant's services.

4

30. While on duty, Plaintiff and those similarly situated were required to use horse blankets provided by Defendants, which identify them as members of the team of persons providing the Defendant's services.

31. While on duty, Plaintiff and those similarly situated were required to wear other specific clothing and carry other materials specified by Defendants.

32. Plaintiff and those similarly situated were supervised at events by individuals known as a "Field Commander" and/or "Field Marshall" who assign other troopers to a certain squad, an area of the venue to patrol, and the specific shift each will work.

33. Plaintiff and those similarly situated do not contract in advance to work a particular squad, shift, or area of the venue as Defendants set the aforementioned for each trooper upon arrival at the work site.

34. Plaintiff and those similarly situated were required to attend meetings and trainings before each event from Defendants.

35. The pay rates and hours of Plaintiff and those similarly situated were set by the Defendants.

36. Plaintiff and those similarly situated were paid an hourly wage for work performed.

37. Defendants set the hourly wages for Plaintiff and those similarly situated.

38. In working for Defendants, Plaintiff and those similarly situated were regularly required to work more than forty (40) hours per week.

39. In working for Defendants, Plaintiff and those similarly situated worked a standard work week of at least sixty-eight (68) hours per week.

40. Plaintiff and those similarly situated were required to patrol in 12-hour shifts as Defendants provided security 24-hours per day.

41. The hours worked by the Plaintiff and those similarly situated were the same for almost every event the troopers worked.

42. The exact records of hours worked are in the possession of the Defendants.

43. Plaintiff and those similarly situated were not paid at the proper overtime rate of one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours in a standard work week.

44. Plaintiff and those similarly situated were paid the same rate for every hour over forty (40) as they were paid for each hour up to forty (40).

45. Defendants classified Plaintiff and those similarly situated as independent contractors.

46. Throughout their employment with Defendants, Plaintiff and those similarly situated did not supervise any other employees.

47. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the authority to hire other employees.

48. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the authority to terminate the employment of other employees.

49. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the authority to delegate any of their duties to other employees.

50. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the authority to handle any employee grievances or complaints.

51. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the authority to interpret, implement, or enforce company policies.

52. Throughout their employment with Defendants, Plaintiff and those similarly situated reported to work every day at their assigned location and did not perform work outside the confines of this location.

53. Throughout their employment with Defendants, Plaintiff and those similarly situated did not make more than $100,000.00 annually.

54. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have the right to control the conduct of their work.

55. Throughout their employment with Defendants, Plaintiff and those similarly situated did not control the location of where the work was performed.

56. Throughout their employment with Defendants, Plaintiff and those similarly situated assignments and the manner in which to complete the assignments were dictated by Defendants.

57. Throughout their employment with Defendants, Plaintiff and those similarly situated did not have discretion as to what tasks to perform or the hours worked that particular day to complete those tasks.

58. Throughout their employment with Defendants, Plaintiff and those similarly situated did not advertise their services through any other means and relied completely on Defendants for work assignments.

59. Throughout their employment with Defendants, all necessary equipment required for Plaintiff and those similarly situated to perform their work was provided by Defendants.

60. Throughout their employment with Defendants, Plaintiff and those similarly situated were not free to offer their services to other entities.

61. Throughout their employment with Defendants, Plaintiff and those similarly situated were "non-exempt" employees under the Fair Labor Standards Act.

62. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

63. The Defendants willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay Plaintiff and those similarly situated one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours.

64. Defendants know the FLSA is applicable to their employment practices yet still failed to pay proper overtime wages to their employees.

65. Accordingly, Defendants' pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

66. Moreover, Defendants did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff has actual knowledge that similarly situated employees (putative class members) in other states have been paid in the same manner or scheme as set out above.

68. Throughout the last three years, Defendants have suffered, permitted, and/or required putative class members to work in excess of forty hours per week and failed to pay these employees one and one-half times their regular rate of pay.

69. Throughout the last three years, class members performed the same or similar work as did Plaintiff on behalf of the Defendants.

70. Throughout the last three years, putative class members' work was controlled in the same manner and to the same degree by the Defendants as set out above.

8

71. As such, the putative class members are similar to Plaintiff in terms of job duties, conditions of employment, and pay structure.

72. The putative class members are similar to Plaintiff in that they were not paid overtime in violation of the FLSA.

73. Defendants' failure to pay overtime compensation to putative class members resulted from a single decision, policy, practice or plan, and does not depend on the personal circumstances of the Plaintiff or individual class members.

74. The Plaintiff's experiences while employed as troopers for Defendants are typical of the experiences of putative class members while they were employed as troopers for Defendants.

75. The specific job titles or precise job titles of each class member do not prevent collective action treatment because their actual job duties and conditions of employment were similar.

76. All class members are entitled to overtime compensation under the FLSA for hours worked in excess of forty during a workweek throughout the last three years while working for the Defendants.

77. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All persons who performed work as mounted safety/security personnel for Defendants during the three-year period immediately preceding the filing of this Complaint.**

## CAUSE OF ACTION
### COUNT I- VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

78. Plaintiff re-alleges and incorporates by reference the facts set forth above.

79. Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiff and the putative class members one and one-half times their regular hourly rate for all hours worked in excess of 40 hours during a workweek throughout the last three years.

9

80. Plaintiff and putative class members have been damaged by Defendants' violations of the Fair Labor Standards Act.

81. Defendants' violations of the Fair Labor Standards Act were repeated, willful and intentional.

82. In the alternative, Defendants' violations were "reckless" in that Defendants uniformly failed to pay the proper overtime rate without performing due diligence or taking the necessary steps to ensure compliance with the FLSA.

83. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff and putative class members for the full amount of unpaid overtime compensation complained of herein and an additional equal amount in liquidated damages, plus reasonable attorney's fees and costs incurred in preparing and pursuing this action.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and those similarly situated, and against Defendants, for:

(1) all amounts of overtime wages Plaintiff and those similarly situated should have received under the Fair Labor Standards Act but for Defendant's violations, plus an equal amount in liquidated damages; and

(2) all reasonable costs and attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) incurred in preparing and pursuing this action;

(3) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

**/s/ A. RYAN SIMMONS**
**JONATHAN A. STREET, BPR No. 021712**
**A. RYAN SIMMONS, BPR No. 031456**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiff and Class Members*