IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| TAMBRA HOLT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA AND OMEGA SERVICES, INC. and FRANK KELLER,<br><br>Defendants. | Case No. 4:18-cv-00034<br>District Judge Thomas W. Philips<br>Magistrate Judge Christopher Steger |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Tambra Holt, and other similarly situated plaintiffs (collectively, "Plaintiffs") and Defendants, Alpha and Omega Services, Inc., ("Alpha and Omega") and Frank Keller ("Keller") (collectively, "Defendants") jointly move for an Order approving the settlement agreement reached by the parties, which resolves the Plaintiffs' lawsuit asserting claims under the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA"). As grounds for their motion, the parties state as follows:

1. Plaintiffs' Complaint, filed on May 25, 2018, asserts claims under the FLSA for alleged unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the theory that they were misclassified as independent contractors during the time period they provided mounted security services to Alpha and Omega and not paid time and a half for hours worked over 40 in the workweek.

2. Defendants assert that Plaintiffs were appropriately classified and, as such, denies that Plaintiffs are entitled to any overtime compensation, liquidated damages, attorneys' fees, or costs, or any other damages, legal or equitable in nature.

3. In an effort to avoid expenses associated with the continued litigation of this action and any appeal or post-verdict motions that may be filed, the parties have reached a resolution agreement and have memorialized the agreement in a document (the "Settlement Agreement"), which is attached as **Exhibit A**.

4. The Settlement Agreement contains the precise amount of claimed wages (including liquidated damages) paid to each of the Plaintiffs. (Exhibit A at ¶ I). Specifically, the Defendants have agreed to pay the total amount of claimed overtime wages to each Plaintiff plus liquidated damages and attorneys' fees and costs.

5. The Settlement Agreement contains the precise amount of costs and fees to be paid by Defendants to counsel for Plaintiffs. (Exhibit A at ¶ II). The parties believe that the costs and fees are reasonable and commensurate with the service rendered by Plaintiffs' counsel in this case.

6. Plaintiffs claim that during the period relevant to this lawsuit they were not paid certain overtime wages. Defendant asserts that they were not entitled to any overtime wages because they were independent contractors under the FLSA. Taking into consideration the parties' bona fide dispute on this issue and the potential for increased litigation costs, the parties have entered into the Settlement Agreement and collectively assert that it represents a fair and equitable resolution of the disputed claims.

7. In order to resolve an FLSA claim, either a district court or the Secretary of Labor must approve the settlement. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11–

5406034v.1
Case 4:18-cv-00034-TWP-CHS   Document 12   Filed 09/21/18   Page 2 of 5   PageID #: 67

CV–400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor,* 679 F.2d 1350, 1355 (11th Cir. 1982)) ("In reviewing a proposed FLSA settlement, 'a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"); *see also Nutting v. Unilever Mfg. (U.S.) Inc.*, 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014) ("As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.").

8. The parties stipulate to the entry of the Order Approving Joint Motion and dismissing the case with prejudice, which is simultaneously submitted.

For these reasons, the parties jointly request the Court enter the Order, approving the Settlement Agreement and finding the Settlement Agreement is a fair, equitable, and reasonable resolution of the disputed claims, and dismiss this action with prejudice.

Respectfully submitted this 21st day of September, 2018.

| | |
|---|---|
| THE EMPLOYMENT & CONSUMER LAW GROUP | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| *s/ Ryan Simmons (signed with permission S. Chavez)* <br> A. Ryan Simmons, BPR No. 031456 <br> Jonathan A. Street, BPR No. 021712 <br> **THE EMPLOYMENT & CONSUMER LAW GROUP** <br> 525 4th Avenue South <br> Nashville, TN 37210 <br> 615.850.0632 <br> rsimmons@eclaw.com <br> <br> *Attorneys for Plaintiffs Tambra Holt and Class Members* | *s/ William A. Blue, Jr.* <br> William A. Blue, Jr., BPR No. 10378 <br> Stephanie A. Chavez, BPR No. 035080 <br> **CONSTANGY, BROOKS, SMITH & PROPHETE LLP** <br> 401 Commerce Street, Suite 1010 <br> Nashville, TN 37219 <br> 615.320.5200 <br> 615.321.5891 (facsimile) <br> zblue@constangy.com <br> schavez@constangy.com <br> <br> *Attorneys for Defendants Alpha and Omega Services, Inc. and Frank Keller* |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE** has been furnished to the below individual(s) via the Court's electronic filing system and/or by depositing same in the United States Mail, postage prepaid, on September 21, 2018:

> A. Ryan Simmons
> 525 4th Avenue South
> Nashville, TN 37210
> 615.850.0632
> rsimmons@eclaw.com
>
> *Attorney for Plaintiff Tambra Holt and Class Members*

*s/ William A. Blue, Jr.*
William A. Blue, Jr.